**MICELI v. UNITED STATES.**

No. 6114.

Circuit Court of Appeals, Seventh Circuit.

Dec. 15, 1936.

Loomis & Hartzer, of South Bend, Ind., for appellant.

James R. Fleming, of Ft. Wayne, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

Appellant is one of four defendants convicted on May 6, 1936, of conspiracy to defraud the United States by failing to pay taxes on distilled spirits. She was sentenced to two years at Alderson, W. Va., and fined $500 and costs. On May 6, all four defendants filed notice of appeal, and were allowed ninety days to settle their bill of exceptions. The appeals were not perfected in accordance with the Rules of Practice and Procedure in Criminal Cases of the Supreme Court promulgated May 7, 1934 (28 U.S.C.A. following section 723a). On July 17, this court entered a rule to show cause why the appeals should not be dismissed for failure to comply with the rules and practice. On July 31, appellants filed notices of appeal which complied with the requirements of the Supreme Court rules. On September 19, all the appeals were dismissed. On September 23, an order was entered by the District Court approving the bill of exceptions. On October 13, we denied a motion to vacate our order of dismissal and reinstate the appeals.

On October 16, the four defendants filed motions to set aside the judgments and to permit them to file motions for new trials. On hearing, the District Court denied the motions as to all the defendants except Marguerite Miceli who, on October 22, filed an amended motion for new trial. This amended motion was overruled on November 5, and she was again sentenced to two years imprisonment and fined $500. On November 6, she filed notice of appeal from the judgment of May 6, on the grounds stated in the notice of appeal filed on July 31.

Petitioner, Marguerite Miceli, now asks this court to release to the clerk of the District Court the transcript of record heretofore filed in this court in connection with the four appeals dismissed by us on September 19. She states by her counsel that she has perfected her right to appeal anew from the judgment of the District Court; that she has been diligent in the prosecution of the appeal; and that she needs the record as requested in order to expedite the perfection of the appeal.

■ The rules of the Supreme Court provide (rule 2, par. (2)) that motions in arrest of judgment or for new trial shall be made within three days after verdict or finding of guilt. There is an additional provision (par. (3)) in the case of a motion for new trial solely on the ground of newly discovered evidence, which may be made within sixty days after final judgment, unless an appeal has been taken, in which case the appellate court may remand for the purpose at any time before final judgment. It is clear that appellant may not avail herself of the provision of this article because (1) the motion was taken after the sixty-day period, and (2) there is no indication that it was on the ground of newly discovered evidence. Moreover, since the bill of exceptions was not settled until after the expiration of the ninety-day period granted on May 6, it could not become a part of the record if the appeal were allowed to be prosecuted.

It follows that the appeal taken on November 5 must be, and it is hereby, dismissed.

■ As to the motion to release the record in this court to the clerk of the District Court in order to have it re-certified and then returned to this court, that may be allowed if petitioner so desires for any reason.